UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Humberto Perez, | Case No. 2:25-cv-02390-CDS-BNW |
| Petitioner | **Order Granting in Part the Petitioner's Writ of Habeas Corpus and Motion to Seal, and Denying as Moot the Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction** |
| v. | |
| Pamela Bondi et al., | |
| Respondents | [ECF No. 2, 8, 9] |

In December 2025, Humberto Perez filed a petition for writ of habeas corpus. *See* Pet. for writ., ECF No. 2. Perez requests a writ ordering the respondents to release him, declaring that ICE's detention violates his Fifth Amendment due process rights, and granting other related relief. *Id.* The respondents filed a response to the petition. Resp., ECF No. 15.[1] Perez also filed a motion for temporary restraining order (TRO) and preliminary injunction (PI). *See* Mot., ECF No. 8. The respondents filed a response. *See* Resp., ECF No. 16. Respondent Mattos filed a separate joinder to the responses.[2] *See* Joinder, ECF No. 17. Also before the court is Perez's motion to seal an exhibit related to his motion for TRO and PI. Mot. to seal, ECF No. 9.

I held a hearing on the petition and motions on January 9, 2026.[3] Mins. of proceed., ECF No. 18. At the conclusion of the hearing, after considering the moving papers, together with the parties' arguments, I granted the petitioner's writ of habeas corpus and the motion to seal,[4] and

---

[1] The named respondents are Pamela Bondi, Attorney General of the United States; Kristi Noem, Secretary of the Department of Homeland Security; Michael Bernacke, Field Director of the Salt Lake City Office; Todd Lyons, Acting Director; John Mattos, Warden of the Nevada Southern Detention Center.

[2] I grant this joinder.

[3] I incorporate the transcript of that hearing into this order as if fully set forth herein.

[4] Because I find compelling reasons exist to grant Perez's motion to seal and his request is narrowly tailored to medical records associated with his motion, I grant his motion to seal. *See United States v. Bradley*, 2020 U.S. Dist. LEXIS 119962, at *21 (E.D. Cal. July 6, 2020) (finding that medical records containing private and confidential information are ordered to be filed under seal); *see also* Local Rule 7-2(d).

denied as moot the motion for temporary restraining order and preliminary injunction.[5] This order memorializes my findings.

I.  Background[6]

Petitioner Humberto Perez is a citizen of Cuba who was detained by ICE on June 3, 2025. ECF No. 2 at 5. Since being in ICE custody, he has been hospitalized twice. *Id.* at 5–6. Perez suffers from health challenges—he suffered two strokes, one occurring in 2020 and the other in 2023. *Id.* at 5. Moreover, prior to being detained, he would visit the doctor regularly concerning his underlying medical health conditions. *See* ECF No. 8.

As background, on February 23, 2002, Perez left Cuba with his wife after he was given a refugee visa.[7] *Id.* at 4. Since being admitted to the United States, he has had five children, the oldest being 23 and the youngest 13 years old. *Id.*

On or around June 3, 2025, Perez was stopped by police and was told he had an order for an arrest in Las Vegas for driving without insurance and a driver's license. *Id.* His case was ultimately dismissed, but he has remained in ICE custody under an ICE detainer, and on or about July 3, 2025, he was transported to Nevada Southern Detention Center (NSDC). *Id.*

As alleged in the petition, ICE has attempted to remove Perez to Mexico, twice (respectively, November 9th and 11th of 2025) without his consent. ECF No. 2 at 5. Perez was served with paperwork related to potential third country removal—Mexico. ECF No. 15 at 2. To date, Perez has not been given a hearing on his potential removal to Mexico.

---

[5] Because I grant in part Perez's writ of habeas corpus, I deny as moot the motion for a TRO and PI.
[6] The court cites to the petitioner's petition and motion for temporary restraining order, and the respondents' response (ECF Nos. 2, 8, 15), as no information was provided to the court that contradicted these factual findings.
[7] Respondents refute this allegation. *See* Resp. to TRO, ECF No. 16. They contend that Perez entered the United States without admission and has remained unlawfully in this country ever since. *See id.* at 2. I need not make a factual determination as to this issue because the issue I resolve addresses Perez's due process claims since he has been in detention since June of 2025.

## II. Legal standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. Discussion

Perez brings this writ of habeas petition on two grounds: (1) ICE's policy to remove noncitizens to a third country with no notice or opportunity to seek fear-based protection constitutes arbitrary and capricious agency in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706; and (2) petitioner's continuing detention solely on the basis of facilitating third country removal pursuant to recent ICE policy violates the Fifth Amendment's Due Process Clause. *See* ECF No. 2. As stated on the record, I grant Perez's writ of habeas corpus petition on the second ground, finding that his due process rights have been violated because he has not been presented with the opportunity to be heard as to third country removal. Because I find that his writ is granted on the second ground for relief, I need not address his APA claim on the merits.

A procedural due process claim has two elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Miranda v. City of Casa Grande*, 15 F4th 1219, 1225 (9th Cir. 2021) (citations omitted). Because the respondents have made representations to the court that they have attempted to remove Perez to a third country, *see* ECF No. 15, and Perez has not been presented with the opportunity to be

heard as to third country removal, I find that his due process rights have been violated.[8] See *Gomez v. Mattos*, 2025 U.S. Dist. LEXIS 220190 (D. Nev. Nov. 6, 2025) (finding that the petitioner has a due process right to receive meaningful notice and opportunity to present a fear-based claim to an immigration judge before DHS deports him to a third country); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 727 (W.D. Wash. 2025) (a noncitizen must be given sufficient notice of a country of deportation); *Rios v. Noem*, 2025 U.S. Dist. LEXIS 221626, at *5 (S.D. Cal. Nov. 10, 2025) (granting writ of habeas on due process grounds finding that the respondents violated the petitioners' rights under the Fifth Amendment when the petitioner was re-detained without being provided adequate notice, evidentiary findings, or an opportunity to be heard).

Accordingly, because Perez has been informed that the respondents intend to remove him to a third country, and they have actually twice attempted to remove him—*without* an opportunity to be heard—I grant his writ of habeas corpus petition on due process violation grounds only.

IV.  Conclusion

IT IS ORDERED the Perez's petition for writ of habeas corpus [ECF No. 2] is **GRANTED in part as set forth in this order.**

IT IS FURTHER ORDERED that the respondents are ordered to release Perez within twenty-four hours, by 10:00AM, January 10, 2026. The petitioner is to be released from custody, and if applicable, subject to any prior order of supervision.

IT IS FURTHER ORDERED that the petitioner's motion for temporary restraining order and preliminary injunction [ECF No. 8] is DENIED as moot.

IT IS FURTHER ORDERED that the petitioner's motion to seal is granted [ECF No. 9]. The Clerk of Court is kindly directed to maintain the seal on ECF No. 10.

---

[8] At the hearing, I asked the respondents for any additional evidence showing Perez had been given an opportunity to be heard on his proposed removal to a third country. They had no additional information to provide the court at that time.

IT IS FURTHER ORDERED that the respondents must file a status report no later than **Friday, January 23, 2026,** advising that status of compliance with this order. The status report must also include information regarding when a hearing is scheduled for Perez.

Dated: January 12, 2026

_____
Cristina D. Silva
United States District Judge